**In re Petition for DISCIPLINARY ACTION AGAINST Alfred Aaron GRIFFIN, a Minnesota Attorney, Registration No. 254150.**

No. A12–1081.

Supreme Court of Minnesota.

Aug. 1, 2012.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Alfred Aaron Griffin committed professional misconduct, namely, engaging in the unauthorized practice of law while he was on involuntary restricted status for failing to comply with continuing legal education requirements and while he was suspended for the nonpayment of attorney registration fees and failing to cooperate with the Director's investigation, in violation of Minn. R. Prof. Conduct 5.5(a), 8.1(b), 8.4(d), Rule 12(b), Rules of the Minnesota State Board of Continuing Legal Education, Rule 2(H), Rules of the Supreme Court on Lawyer Registration, and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, and unconditionally admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a 60–day suspension and two years of probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Alfred Aaron Griffin is suspended from the practice of law, effective 14 days after the filing of this order, for a minimum of 60 days;

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

3. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR;

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court;

5. Upon reinstatement to the practice of law, respondent shall be subject to probation for two years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation; and

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

6. Within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice